Hollingsworth          312193
Name and Prisoner/Booking Number

ASPC Perryville
Place of Confinement

2105 N. Citrus RD POBox 3000
Mailing Address

Goodyear, Az 85338
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ✓          ___ LODGED
___ RECEIVED    ___ COPY

FEB 2 7 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____WB_____ DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CNLR 5.4
(Rule Number/Section)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Hollingsworth, Teresa M.          )
(Full Name of Plaintiff)          Plaintiff,          )
                                                      )
          vs.                                         )          CASE NO. CV-17-00594-PHX-DLR—BSB
                                                      )
(1) Officer Dejan Nadzakovic # 8504 )          (To be supplied by the Clerk)
(Full Name of Defendant)          )
(2) Sgt. P # 5422                 )
                                  )          **CIVIL RIGHTS COMPLAINT**
(3) Phoenix Police Department     )          **BY A PRISONER**
                                  )
(4)                               )          ☐ Original Complaint
          Defendant(s).           )          ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )          ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☒ Other: ARS 12-821.01

2.  Institution/city where violation occurred: Phoenix

Revised 5/1/2013                    1                    **550/555**

Hollingsworth

**B.   DEFENDANTS**

1.   Name of first Defendant: Dejan Nadzakovic                    .   The first Defendant is employed
as: City Police Officer                                    at Phoenix Police Department     .
                            (Position and Title)                                   (Institution)

2.   Name of second Defendant: badge #5422          .   The second Defendant is employed as:
as: Sgt.                                              at Phoenix Police Department     .
                            (Position and Title)                                   (Institution)

3.   Name of third Defendant: Phoenix Police Department    .   The third Defendant is employed
as: N/A                                              at Phoenix Police Department     .
                            (Position and Title)                                   (Institution)

4.   Name of fourth Defendant: _____     .   The fourth Defendant is employed
as: _____ at _____ .
                            (Position and Title)                                   (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.   PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☒ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
                _____

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
                _____

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
                _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

**D.   CAUSE OF ACTION**

**COUNT I**

1.   State the constitutional or other federal civil right that was violated: Excessive force by an officer.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3.   **Supporting Facts**.   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

See attachment 1

4.   **Injury**.   State how you were injured by the actions or inactions of the Defendant(s).
Emotionally, physically, face, jaw, neck, shoulder, head, back.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☒ No
   b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☒ No
   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☒ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Does not involve ASPC Perryville other than me being housed here, my complaint is towards the Phoenix Police Department.

# COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities        ☐ Mail             ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings ☐ Property         ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                          ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count II?        ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                  ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

Contrary to attachment 1, I am seeking full penalities to the officer involved. Full payment of all medical bills regarding injuries. A payment of no less than five million dollars, for the loss of my shoulder along with pain and suffering and emotional/mental issues steming from his actions towards me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2-22-2017
                DATE

_Teresa M. Hollingsworth_
SIGNATURE OF PLAINTIFF

Parsons, Amber R.
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

# THE NEWSOME FIRM PLLC

2942 N. 24TH STREET
SUITE 114-726
PHOENIX, AZ 85016

(602) 752-3333 (T)
(602) 626-7125 (F)
·LAW@THENEWSOMEFIRM.COM

August 17, 2015

Phoenix City Clerk
200 West Washington Street
Phoenix, Arizona 85003

Sgt. Potter #5422
Phoenix Police Department
620 W. Washington Street
Phoenix, AZ 85003

Ed Zuercher, City Manager
200 West Washington Street
Phoenix, Arizona 85003

Joseph Yahner, Chief-of-Police
Phoeinx Police Department
620 W. Washington Street
Phoenix, AZ 85003

Officer Dejan Nadzakovic #8504
Phoeinx Police Department
620 W. Washington Street
Phoenix, AZ 85003

Officer Fortuna #8818
Phoenix Police Department
620 W. Washington Street
Phoenix, AZ 85003

Officer Brett Glidewell #8684
Phoeinx Police Department
620 W. Washington Street
Phoenix, AZ 85003

Officer Thompson
Phoeinx Police Department
620 W. Washington Street
Phoenix, AZ 85003

Re:    Name of person making claim: Teresa Hollingsworth
       D.O.B: September 8, 1967
       Location of event: 122 E. Angela Drive Phoenix, AZ
       D.O.I: March 22, 2015
       Time of Incident: Approximately 6:30 PM
       Agency involved: Phoenix Police Department

1

attachment 1

# THE NEWSOME FIRM PLLC

2942 N. 24TH STREET
SUITE 114-726
PHOENIX, AZ 85016

(602) 752-3333 (T)
(602) 626-7125 (F)
LAW@THENEWSOMEFIRM.COM

### A.R.S. §12-821.01  NOTICE OF CLAIM

To Whom It May Concern:

Our office has been retained by Teresa Hollingsworth to represent her in a legal claim against the Phoenix Police Department, City of Phoenix and the following Phoenix law enforcement officers with respect to her claim for the violation of excessive use of force that occurred at 122 E. Angela Drive Phoenix, AZ at approximately 6:30 PM on March 22, 2015. Ms. Hollingsworth incurred several injuries as a result of the incident.   Her claim is based on the following causes of action:  1) Failure to adequately train and supervise; 2) Failure to protect from harm; 3) Excessive and unwarranted force resulting in injury; 5) Wrongful prosecution.

1. Officer Dejan Nadzakovic #8504
2. Officer Fortuna #8818
3. Officer Brett Glidewell #8684
4. Officer Thompson
5. Sgt. Porter #5422

This Notice of Claim is intended to comply with A.R.S. §12-821.01. It is vitally important that you advise immediately if there is any belief that we have not sufficiently complied with A.R.S. §12-821.01, et seq., and Rule 4.1(l), in serving this Notice of Claim so that any deficiency may be cured before the statutory period for giving proper notice expires. While I believe this letter so served does meet the statutory requirements, I request your immediate response if you disagree.

Be advised that this matter is still in its preliminary stages.   There has been no meaningful opportunity for discovery, nor has there been any disclosure, beyond those documents required to be made public by law and limited medical records.   Accordingly, to the extent there may be any misstatements of fact or analysis, such has occurred solely because there has not yet been an opportunity for full and complete discovery and disclosure by the City of Phoenix.

This claim is being presented based upon information available, to-date.   Fairness dictates that this entire letter be read to the jury in the event that this matter is not resolved short of litigation, in the event that any portion of it is read to the jury, the jury will be informed that this Notice of Claim was based upon information possessed at time of its submission, and that said information may change in the future.

2

attachment 1

THE NEWSOME FIRM PLLC

2942 N. 24TH STREET
SUITE 114-726
PHOENIX, AZ 85016

(602) 752-3333 (T)
(602) 626-7125 (F)
LAW@THENEWSOMEFIRM.COM

## FACTUAL BACKGROUND

The factual foundation for this claim is based on the excessive use of force, gross negligence, and wrongful prosecution by the Phoenix Police Department and its agents/employees. As a result of the unprovoked, unwarranted and excessive use of force upon her by Officer Nadzakovic and Officer Fortuna, Ms. Hollingsworth suffered emotional and physical injuries to her body.

On March 22, 2015, Officer Dejan Nadzakovic responded to a call over his radio related to Teresa Hollingsworth allegedly violating an order of protection. The incident resulted from a phone call placed from Teresa's cellular phone to her daughter's cellular phone. According to the order of protection, Teresa was prohibited from making contact with her daughter. Upon arrival, Officer Nadzakovic spoke with Teresa's former husband and daughter. The two individuals confirmed Teresa's phone placed a call to the daughter's phone. Officer Nadzakovic then proceeded to locate Teresa's vehicle at 122 E. Angela Drive. However, Teresa was not located in the vehicle at that time. Officer Nadzakovic observed Teresa sitting in the backyard and proceeded to make contact with her.

After briefly speaking with Teresa, Officer Nadzakovic placed her under arrest by handcuffing her hands to the rear. Officer Fortuna then proceeded to escort Teresa to the police vehicle for transportation. However, according to Officer Nadzakovic, Teresa refused to sit in the police vehicle. Officer Nadzakovic then proceeded to physically place Teresa in the vehicle. Allegedly, at that time, Teresa spit on Officer Nadzakovic's face.

According to Officer Nadzakovic, the alleged incident made him feel "degraded." Officer Nadzakovic's report then states, "I immediately pushed her face away with the front part of my left hand and pushed her onto the rear seats to prevent her from further spitting in my face. I then went to the passenger side of the patrol vehicle and pulled her onto the seat." Officer Nadzakovic then continues, "It should be noted Teresa did not sustain any injuries from me pushing her face."

At that time, Officer Thompson and Nadzakovic removed Teresa from the vehicle. Allegedly, while attempting to place Teresa back into the vehicle, she spit on Officer Thompson. Officer Thompson then responded by placing a spit mask over Teresa's face, instead of repeating Officer Nadzakovic's behavior of 'pushing her face away with the front part of his hand.'

At the conclusion of the incident, Officer Glidewell conducted an investigation by interviewing all the officers that were involved. Included in his investigation was an interview of Officer Fortuna. Fortunately, Officer Fortuna provides a more accurate depiction of Officer Nadzakovic's actions. According to Officer Fortuna, "Officer Nadzakovic then used his left hand and 'punched' Teresa two times in the face." Officer Glidewell then asked Officer Fortuna to further explain his observation of the punch. According to Officer Glidewell's report, "Officer Fortuna was unable to do so as he was shaking his head back and forth side to side. I

3

attachment 1

# THE NEWSOME FIRM PLLC

2942 N. 24TH STREET
SUITE 114-726
PHOENIX, AZ 85016

(602) 752-3333 (T)
(602) 626-7125 (F)
LAW@THENEWSOMEFIRM.COM

then asked him by demonstrating a striking motion.  I asked him if Officer Nadzakovic had pulled his elbow back and then moved forward or if the movement was in front of his frame. Officer Fortuna indicated he believed the first punch the elbow had been pulled back, however, the second was in front. Officer Fortuna added he believed that Teresa stated, 'He punched me in the face' as she was crying."  It is clearly evident that Officer Fortuna's versions of the events are much different than the fabricated story provided by Officer Nadzakovic.

Additionally, Officer Nadzakovic's claim that Teresa did not sustain any injuries was also later determined to be inaccurate.  After arriving to the jail, Teresa was denied acceptance due to her physical condition.  Teresa had to be transported to Maricopa County Medical Center for further evaluation.  Teresa currently suffers numerous injuries as a result of Officer Nadzakovic's actions.  Her injuries include, but are not limited to, migraines, severe neck and shoulder pain, muscle spasms, ringing in the ears, blackouts, loss of sleep, jaw popping out of place, vertigo and post traumatic stress disorder.  Teresa is participating in physical therapy as a result of her injuries.

Furthermore, Officer Nadzakovic's actions were observed by a civilian witnessed named Robin. Robin observed several factors that Officer Nadzakovic conveniently failed to mention in his report.  Robin observed Officer Nadzakovic place the handcuffs on Teresa to the rear before she was escorted to the police vehicle where he began to assault her.  Robin also observed what she believes was an officer throwing a punch.

## CONCLUSION

It is very unfortunate Teresa was forced to suffer these types of extreme injuries as a result of the actions of the Phoenix police department.  Teresa should have never been attacked in such a vicious and inhuman manner.  The attack was extremely traumatic, unlawful and unwarranted. If Officer Nadzakovic were properly trained and supervised, Teresa would have not suffered these types of injuries.   If Teresa did indeed spit on Officer Nadzakovic, he should have taken the proper and necessary steps of placing a spit mask on her.  This would have sparred Teresa the brutal beating that she suffered as a result of Nadzakovic feeling 'degraded.'  Due to the pain Teresa is continuously experiencing, the extent of her injuries and medical treatment has yet to be fully determined.  It is very unfortunate these officers of the Phoenix police department intentionally violated their duty to protect and serve all members of the community, while also violating department policies.

This overly excessive use of force caused Teresa physical injury with pain and suffering in addition to emotional damage.  The conduct of the Phoenix police department was grossly negligent and excessive.  The malicious attack on Teresa was highly illegal, inappropriate and unconstitutional.

Based on the foregoing facts and conclusion, we believe that a jury will find in Teresa's favor and award a fair amount in damages.  As a result, Teresa is willing to accept $600,000.00 as full

attachment 1

# THE NEWSOME FIRM PLLC

2942 N. 24TH STREET
SUITE 114-726
PHOENIX, AZ 85016

(602) 752-3333 (T)
(602) 626-7125 (F)
LAW@THENEWSOMEFIRM.COM

and final settlement of her claim.  This figure is supported by the nature and extent of Teresa's injuries and pain and suffering caused by excessive use of force.  This figure represents a sum certain for which the claim can actually be settled.

Please feel free to correspond with me in any manner that is most convenient for you.

Thank you for your time and consideration.

Respectfully,

Lafayette Newsome, Esq.

Copy of the foregoing
Delivered this 17th day
Of August 2015 to:

Phoenix City Clerk
200 West Washington Street
Phoenix, Arizona 85003

Ed Zuercher, City Manager
200 West Washington Street
Phoenix, Arizona 85003

Joseph Yahner, Chief-of-Police
Phoeinx Police Department
620 W. Washington Street
Phoenix, AZ 85003

5

attachment 1